

**IT IS ORDERED as set forth below:**

**Date: September 20, 2019**

_____

**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| THOMAS JOHNSON, | CASE NO. 18-59862-PWB |
| Debtor. | |
| | CHAPTER 7 |
| TD AUTO FINANCE, LLC, | |
| Plaintiff, | |
| | ADVERSARY PROCEEDING |
| v. | NO.  19-5151-PWB |
| THOMAS JOHNSON, | |
| Defendant. | |

## ORDER

TD Auto Finance, LLC (the "Plaintiff") financed the purchase of a 2017 Ford F-250 by the Debtor and Sovereign Industries, Inc. The Plaintiff seeks a determination that this debt is excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6). Based upon the Debtor's failure to respond, the Plaintiff requests entry of default judgment on its claims. For the reasons stated herein, the motion for default judgment is granted in part and denied in part.

The Plaintiff alleges that on June 1, 2017, the Debtor entered into a contract with it to finance the purchase of a 2017 Ford F-250 (the "Vehicle") at Gwinnett Place Ford (the "Dealership"). The Motor Vehicle Retail Installment Contract attached to the Complaint reflects the Debtor financed $79,584.65 at 6.54 % per annum to be paid at the rate of $1,342.98 per month for 72 months beginning on July 16, 2017. The Contract is signed by the Debtor in his personal capacity and also as "CFO" of Sovereign Industries, Inc.

In the Consumer Credit Applications, the Debtor disclosed his occupation as "Biochemist" earning a monthly salary of $7,600.00 with additional rental property income of $24,000. The Debtor listed an 80% ownership interest in Sovereign Industries, Inc.

On June 1, 2017, the Debtor took possession of the Vehicle and the dealership assigned all of its rights and interest in and to the Contract and the Vehicle to Plaintiff.

The Plaintiff asserts that it has never received a single payment on the loan.

2

Less than a year after the purchase, the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code but did not list the Plaintiff as a creditor. The Debtor's schedules reflect gross monthly income of $3,500 per month. The Debtor's schedules make no reference to rental income or any ownership interest in Sovereign Industries, Inc. In addition, Question 4 on the Statement of Financial Affairs reflects no annual income for the past two years.

The Plaintiff alleges that the Debtor has refused to voluntarily surrender the Vehicle and it has been unable to locate the Vehicle since September 2017. The Plaintiff asserts that the Debtor financed multiple high dollar vehicles at the same time as this Loan with no intention to pay for the vehicles.

The Plaintiff contends that the debt arising from the purchase of the Vehicle is excepted from the Debtor's discharge because it was incurred by fraud (§ 523(a)(2)(A) and (a)(2)(B)) and because the Debtor caused a willful and malicious injury to it and its property (§ 523(a)(6)).

## I.  **Section 523(a)(3)**

As an initial matter, the Court must address the significance of the Plaintiff's failure to timely file a complaint to determine dischargeability of its debt.

The Plaintiff was not listed as a creditor in this case. The Plaintiff asserts that it did not timely file a complaint to determine dischargeability because it lacked knowledge of the existence of the bankruptcy case in time to file a timely complaint. [*See* Doc. 97, 18-59862-pwb].

Section 523(a)(3) governs this issue. It provides:

(a) A discharge . . . does not discharge an individual from any debt . . .

(3) neither listed nor scheduled under [11 U.S.C. § 521(a)(1)] with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

In this proceeding, the Debtor did not list the Plaintiff in the schedules. The Debtor has not answered or otherwise asserted that the Plaintiff had notice or actual knowledge of the bankruptcy case in time to file a timely complaint. Under § 523(a)(3)(B),[1] therefore, the debt to the Plaintiff is excepted from discharge if it falls within one of the exceptions in §§ 523(a)(2), (a)(4), or

---

[1] Section 523(a)(3)(A) is inapplicable to this proceeding. This was a no-asset case and, therefore, no bar date for filing proofs of claim was set. As a result, the reference to "timely filing of a proof of claim" is irrelevant.

4

(a)(6). Otherwise, the debt is dischargeable. The issue here is whether, as the Plaintiff asserts, its debt is excepted from discharge under §§ 523(a)(2)(A) or (B) or 523(a)(6).

### I. Section 523(a)(2)

The Plaintiff asserts that its debt is excepted from discharge under both § 523(a)(2)(A) and § 523(a)(2)(B) because the Debtor intended to deceive it by making a false representation (§ 523(a)(2)(A)) and by making a materially false statement in writing regarding his financial condition (§ 523(a)(2)(B)).

A. <u>Section 523(a)(2)(A)</u>

Section 523(a)(2)(A) provides that a debt is excepted from discharge to the extent it is for money or an extension of credit to the extent obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition" is excepted from discharge.

A "false pretense" is an "implied misrepresentation or conduct which creates and fosters a false impression." *In re Antonious*, 358 B.R. 172, 182 (Bankr. E.D. Pa. 2006) (citations omitted). Events that "create a contrived and misleading understanding of a transaction in which a creditor is wrongly induced to extend money or property to the debtor" may constitute false pretenses. *Id*. Conversely, a false representation is one in which there is an *express* misrepresentation of fact. *See, e.g., Carlan v. Dover (In re Dover)*, 185 B.R. 85, 88 n.3 (Bankr. N.D. Ga. 1995).

The traditional elements of a claim for fraud are (1) the debtor made a representation; (2) the debtor knew the representation to be false; (3) the debtor made

5

the representation with the intent to deceive the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff sustained damages as a result of the representation. *Field v. Mans*, 516 U.S. 59 (1995).

Actual fraud "encompasses forms of fraud . . . that can be effected without a false representation."  *Husky Intern. Electronics, Inc. v. Ritz*, __U.S.__, 136 S.Ct. 1581, 1586 (2016).  It is a much broader term than false pretenses or false representation and may encompass "deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another." *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000) (citations omitted).  The common element to false pretenses, false representation, and actual fraud is an intent to deceive by the debtor." *FDS National Bank v. Alam (In re Alam)*, 314 B.R. 834 (Bankr. N.D. Ga. 2004).

Although § 523(a)(2)(A) does not expressly so provide, the false representation must be material.  *Field v. Mans,* 516 U.S. at 68. ("If Congress really had wished to bar discharge to a debtor who made unintentional and wholly immaterial misrepresentations having no effect on a creditor's decision, it could have provided that. It would, however, take a very clear provision to convince anyone of anything so odd, and nothing so odd has ever been apparent to the courts that have previously construed this statute, routinely requiring intent, reliance, and materiality before applying § 523(a)(2)(A).").

The Plaintiff contends that the Debtor obtained the loan to purchase the vehicle with and on behalf of Sovereign Industries as its CFO but used his alleged ownership

6

of Sovereign Industries as a ploy to obtain financing of the Vehicle with no intention of ever paying for it.

This representation, coupled with the assertions that Sovereign Industries was dissolved three months after the purchase and that the Debtor contemporaneously financed multiple high dollar vehicles without the intent to pay for them, satisfies the definition of actual fraud which includes "deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another." *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000) (citations omitted). The Debtor has not controverted these assertions.

Based on the foregoing, the Court concludes that the debt in the amount of $85,160.59 owed by the Debtor to Plaintiff arising from the purchase of a 2017 Ford F250 is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

B. Section 523(a)(2)(B).

Section 523(a)(2)(B) provides an exception from discharge of a debt for money or an extension of credit to the extent obtained by "use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with the intent to deceive." The primary differences between subparagraphs (A) and (B) of § 523(a) is that subparagraph (B) requires a specific type of

7

misrepresentation (written and regarding the debtor's financial condition) and a heightened level of reliance (reasonable).

The Plaintiff asserts that the Debtor made false written representations on his credit application that he had monthly income of $7,600 and additional rental income of $24,000. The Plaintiff observes that the Debtor's sworn statement of financial affairs, which reflects no income for the year 2017 or later, establishes that the representations were false. It contends and that the false statements reflect an intent to deceive it in order to obtain financing for the purchase of the Vehicle.[2]

These facts are uncontroverted and establish certain elements of the Plaintiff's § 523(a)(2)(B) claim. But the Plaintiff must also establish that its reliance on the Debtor's written statement was reasonable.

Reasonable reliance "connotes the use of the standard of ordinary and average person." *In re Vann*, 67 F.3d 277, 280 (11th Cir. 1995). A court must evaluate the reasonableness of a creditor's reliance based on circumstances of particular case. Thus, a court should consider: "whether there had been previous business dealings with the debtor that gave rise to a relationship of trust; whether there were any 'red flags' that would have alerted an ordinarily prudent lender to the possibility that the

---

[2] The Plaintiff also asserts that the Debtor "knowingly and intentionally misrepresented his ownership interest in Sovereign Industries, Inc., which he described as a 'transportation business.'" (Complaint ¶ 34). The Business Credit Application attached as Exhibit D to the Complaint states that Thomas Johnson is the CFO of Sovereign Industries and that he has an 80% ownership interest in the entity. The fact that the entity was later dissolved does not establish that these statements were false at the time they were made in June 2017, and the Plaintiff has asserted no other facts to show otherwise.

8

representations relied upon were not accurate; and whether even minimal investigation would have revealed the inaccuracy of the debtor's representations." *Id*.

The Plaintiff has asserted no facts or circumstances to support the bare assertion in the complaint that its reliance was reasonable. The Court cannot conclude based on the conclusory allegation in the complaint that the Plaintiff's reliance was reasonable. As a result, the Court declines to enter default judgment on the § 523(a)(2)(B) claim.

## II. Section 523(a)(6)

Section 523(a)(6) provides in pertinent part that any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is non-dischargeable.

"Willful" in this provision means "a deliberate or intentional *injury*, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original).

"Malicious" means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill will." *In re Jennings*, 670 F.3d 1329, 1334 (11th Cir. 2012) (quotation omitted). To establish malice, "a showing of specific intent to harm another is not necessary." *Id*. (quotation omitted). Constructive or implied malice can be found if the nature of the act itself implies a sufficient degree of malice. *In re Ikner*, 883 F.2d 986, 991 (11th Cir. 1989).

Willful and malicious injury may include conversion, which is the unauthorized exercise of ownership over goods belonging to another to the exclusion

9

of the owner's rights. *Wolfson v. Equine Capital Corp. (In re Wolfson)*, 56 F.3d 52, 54 (11th Cir.1995); *see Adler v. Hertling*, 215 Ga.App. 769, 772, 451 S.E.2d 91, 96 (1994) (Under Georgia law, conversion "consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation."). Conversion of collateral may form the basis of a claim under § 523(a)(6), but a willful and malicious injury "does not follow as of course from every act of conversion, without reference to the circumstances." *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332 (1934).

The Plaintiff alleges that the Debtor converted the Vehicle by refusing to voluntarily surrender it or provide its current location after never making a payment on it. As noted above, not all conversions of collateral state a claim under § 523(a)(6). This is because an "unauthorized" exercise of control over personal property could be innocent or negligent, but not willful and malicious. Thus, it is necessary to consider all the circumstances surrounding the act of conversion.

The Debtor has not filed a response controverting any allegation in the Plaintiff's complaint. In this case it is undisputed that the Debtor has failed to surrender the Vehicle or provide its current location. These facts, coupled with the uncontroverted facts that the Debtor lied about his income on the credit application, the dissolution of Sovereign Industries three months after the Vehicle's purchase, and the Debtor's failure to make a payment due under contract, permit the court to

conclude that the Debtor's conversion of the Vehicle was willful and malicious and is excepted from discharge pursuant to § 523(a)(6).

### III. Conclusion

Based on the foregoing, the Court concludes that the debt owed by the Debtor to the Plaintiff arising from the purchase of a 2017 Ford F250 is excepted from discharge pursuant to 11 U.S.C. § 523(a)(3)(B) because the debt is of a kind specified in 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) and the Plaintiff did not have notice or actual knowledge of the case in time to timely file a complaint. The Court, in its discretion, declines to enter default judgment on the Plaintiff's claim under § 523(a)(2)(B). Accordingly, it is

ORDERED that the motion for default judgment is granted in part and denied in part. The debt in the amount of $85,160.59 owed by the Debtor to the Plaintiff arising from the purchase of a 2017 Ford F250 is excepted from discharge 11 U.S.C. § 523(a)(3)(B) because the debt is of a kind specified in 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) and the Plaintiff did not have notice or actual knowledge of the case in time to timely file a complaint. The Court, in its discretion, declines to enter default judgment on the Plaintiff's claim under § 523(a)(2)(B). A separate judgment shall be entered contemporaneously herewith.

**This Order has not been prepared for publication and is not intended for publication.**

### END OF ORDER

**<u>Distribution List</u>**

Robert J. Fehse
Evans Petree PC
Suite 800
1715 Aaron Brenner Drive
Memphis, TN 38120

Thomas Johnson
105 Valley Brook
Covington, GA 30016